UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED NICHOLS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>FRESNO COURT,<br><br>　　　　Respondent. | ) Case No.: 1:12-cv-01803-JLT<br>)<br>) ORDER REQUIRING PETITIONER TO SUBMIT<br>) AN AMENDED PETITION<br>)<br>) THIRTY DAY DEADLINE<br>)<br>) ORDER DIRECTING CLERK OF THE COURT TO<br>) SEND PETITIONER A FORM FOR FILING<br>) HABEAS CORPUS PETITION PURSUANT TO 28<br>) U.S.C. § 2254 |

Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition on October 24, 2012, challenging his February 23, 2010 conviction in the Fresno County Superior Court and subsequent four-year sentence. (Doc. 1).

**PROCEDURAL HISTORY**

A.　Procedural Grounds for Summary Dismissal.

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

1

1  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of
2  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss,
3  or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed
4  without leave to amend unless it appears that no tenable claim for relief can be pleaded were such
5  leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

6        B.   Insufficient Information And Failure To State A Cognizable Habeas Claim.

7       A preliminary review of the petition indicates that Petitioner has not provided sufficient
8  information regarding his claims for this case to proceed.  Rule 2 of the Rules Governing Section 2254
9  Cases provides that the petition:

> "…shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."

13  Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in
14  the petition.  Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that "…'[N]otice'
15  pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of
16  constitutional error.'"  Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63,
17  75, n. 7, 97 S.Ct. 1621 (1977).

18       Here, Petitioner alleges that, in his plea agreement, it was agreed that he would be awarded
19  regular credits at the rate of 50% if he could show no history of violence, despite the sentence being a
20  "Two Strikes" sentence which, under California law, is not entitled to 50% credits.  However, the
21  instant petition is unclear.  Petitioner does not inform the Court of the precise terms of the plea
22  agreement (including a transcript or minute order of the plea and sentencing), he does not provide
23  facts regarding the specific efforts he has made to seek enforcement of the plea agreement's terms, nor
24  does he allege any violations of federal constitutional law regarding the breach of said plea agreement.

25       The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of
26  Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he
27  is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall
28  entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in

violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

In his petition, Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.  Petitioner appears to raise only state law claims, and, generally, issues of state law are not cognizable on federal habeas review.  Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").  Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).

In sum, Petitioner has submitted a petition that fails to comply with the requirements of Rule 2 (c).  Indeed, the Court cannot discern any federal claims for relief, i.e., federal constitutional claims, from the information provided in the original petition.  It is Petitioner's responsibility to specify all grounds for relief and to provide sufficient factual allegations for the Court to determine what claims Petitioner is seeking to raise and whether those claims state the kind of federal constitutional violations upon which this Court's habeas jurisdiction is predicated.  Petitioner has failed to meet these minimal pleading requirements.  Accordingly, Petitioner will be required to submit a First Amended

Petition in which he clearly and succinctly sets forth all of his claims, together with supporting factual allegations, in order for this case to proceed.[1]

C. <u>Exhaustion of Remedies</u>.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). In this instance, the highest state court would be the California Supreme Court. A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).

Here, Petitioner has not alleged, let alone established through documentary evidence, that he has presented his claims to the California Supreme Court. If Petitioner chooses to file a first amended petition, he must provide sufficient information for this Court to conclude that the claims are fully exhausted, i.e., when Petitioner presented his claims to the California Supreme Court, when his claims

---

[1] At several points in the petition, Petitioner requests the Court's help in presenting his claims. This, the Court cannot do. Although the Court will liberally construe a pro se petitioner's claims, with an understanding that most petitioners do not have training in legal matters, the Court cannot give Petitioner legal advice regarding how to litigate his case. That is solely Petitioner's responsibility.

4

were denied, and include copies of the relevant orders as well.

D.  <u>Statute of Limitations</u>.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on October 24, 2012, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the Petitioner was convicted on February 23, 2010, and Petitioner does not

allege that he filed a direct appeal.[2] California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes final 60 days after the superior court proceedings have concluded, citing prior Rule of Court, Rule 31(d)). Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court, Rule 31(d)). Because it appears that Petitioner did not file a notice of appeal, his direct review would have concluded on April 25, 2010, when the sixty-day period for filing a notice of appeal expired. The one-year period under the AEDPA would have commenced the following day, on April 26, 2010, and Petitioner would have had one year from that date, or until April 25, 2011, within which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001). As mentioned, the instant petition was filed on October 24, 2012, approximately six months after the one-year period would have expired, thus barring the instant petition.

Alternatively, for claims that the state breached a plea agreement, the limitations period begins to run on the date the petitioner learned of the breach or reasonably could have discovered the breach through the exercise of due diligence. See Burns v. California, 2009 WL 2381423 at *3 (C.D. Cal. 2009)(limitations period began running on the date of the breach); Crenshaw v. Tilton, 2008 WL 878887 at *6 (S.D. Cal. 2008)(limitations period begins running on date prisoner knew or should have known that a breach occurred"); Singleton v. Curry, 2007 WL 1068227 at *2 (N.D. Cal. 2007)(limitation period for breach of plea bargain claim is determined under section 2244(d)(1)(D)); Daniels v. Kane, 2006 WL 1305209 at *1 (N.D.Cal. 2006)(statute of limitation begins to run on "the date a petitioner knew or should have known that a breach occurred"); Murphy v. Espinoza, 401 F.Supp. 2d 1048, 1052 (C.D. Cal. 2005)(statute of limitation begins to run on date petitioner became

---

[2] The Court has consulted the State of California's electronic website for its state courts and has not found any evidence of a direct appeal in this case, nor is there any indication that Petitioner has filed state habeas proceedings other than a case in 2005, which pre-dates the current conviction.

6

aware, or should have become aware, that the plea agreement had been breached).  Petitioner has alleged no facts regarding the date on which he learned of Respondent's failure to accord him 50% credits.

In sum, Petitioner has not provided sufficient information regarding these matters for the court to make an initial determination whether the petition is timely under the AEDPA.  In an amended petition, Petitioner must provide that information, including the dates of filing and denial of any state habeas proceedings or direct appeals related to his 2010 conviction, information regarding when he learned of Respondent's refusal to accord Petitioner 50% credits, and any efforts by Petitioner to ascertain the latter.

E.  Failure to Name A Proper Respondent.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Here, Petitioner has named as Respondent the "Fresno Court."   However, the "Fresno Court" is not the warden or chief officer of the institution where Petitioner is confined and, thus, does not have day-to-day control over Petitioner.  Petitioner is presently confined at the California Correctional Institution, Tehachapi, California.  The current director or warden of that facility is Kim Holland, who is the person Petitioner should name as Respondent.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326

7

(9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility.  See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).  In any amended petition, Petitioner must name a proper respondent.

For all of the foregoing reasons, the instant petition in deficient.  Petitioner will be required to file an amended petition containing sufficient information for the Court to proceed with the case.

Accordingly, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is hereby DISMISSED.  Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT a FIRST AMENDED PETITION that is in compliance with this Order.  The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **November 6, 2012**            **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE