# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED NICHOLS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>FRESNO COURT,<br><br>　　　　Respondent. | Case No.: 1:12-cv-01803-JLT<br><br>ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF EXHAUSTION (Doc. 5)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 20, 2012, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 6).

**PROCEDURAL HISTORY**

Petitioner filed the instant petition on October 24, 2012, challenging the California Department of Corrections and Rehabilitations' calculation of his prison credits for his February 23, 2010 conviction in the Fresno County Superior Court and subsequent four-year sentence for possession of a weapon by an inmate.  (Doc. 1).  Petitioner contended that he had provided evidence to the court that his prior "strike" conviction was non-violent, thus entitling him to "one-for-one" credits rather than having to serve eighty percent of his sentence.  (Doc. 1, p. 2).

On November 7, 2012, the Court ordered Petitioner to file an amended petition because (1) Petitioner had failed to name a proper respondent, thus depriving the Court of jurisdiction; (2) Petitioner had failed to allege full exhaustion of his claims in state court; and (3) Petitioner had failed allege cognizable federal habeas claims because he had framed his claims as state law violations, not as federal constitutional violations. (Doc. 4). The November 7, 2012 order gave Petitioner thirty days within which to file an amended petition. On December 20, 2012, Petitioner filed a first amended petition. (Doc. 5). In that first amended petition, Petitioner adds three new claims to his "credits" claim, all of which relate to his conviction for being a prisoner in possession of a weapon: (1) unlawful search and seizure of the contraband weapon; (2) evidence obtained pursuant to an unlawful arrest; and (3) prosecutorial misconduct in failing to disclose exculpatory evidence to the defense. (Doc. 5, pp. 4-5). However, because the first amended petition again fails to establish that Petitioner has exhausted any of his claims, the Court will dismiss the petition.

A.  Procedural Grounds for Summary Dismissal.

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Exhaustion of Remedies.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th

Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). In this instance, the highest state court would be the California Supreme Court. A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).

Here, in the first amended petition, Petitioner states under penalty of perjury that he did not file a direct appeal from his conviction on February 23, 2010 for possession of a weapon by an inmate. (Doc. 5, p. 1). Petitioner also states under penalty of perjury that he has filed only one state habeas petition, i.e., in the Superior Court of Fresno County. (Doc. 5, p. 2). In answer to the question on the form regarding whether he has presented his claims to the highest court in the state, Petitioner indicates that he did not. (<u>Id</u>., p. 3). For the form question relating to why he had not previously presented any of his claims to the highest court in the state, Petitioner indicated, "I don't understand how to use a 'habeas.' I'm a [layman]." (Doc. 5, p. 5).

From the foregoing, it is apparent that Petitioner has not presented any of his claims to the California Supreme Court. Indeed, it is unclear whether some of the claims have *ever* been presented to *any* state court. The Court cannot consider a petition, such as the instant first amended petition, that is entirely unexhausted. <u>Rose v. Lundy</u>, 455 U.S. 509, 521-22 (1982); <u>Calderon</u>, 107 F.3d at 760. Accordingly, the Court will dismiss the petition without prejudice.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal

habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED that:

1. The first amended petition for writ of habeas corpus (Doc. 5), is hereby DISMISSED without prejudice for lack of exhaustion;
2. The Clerk of the Court is DIRECTED to enter judgment and close the file;
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **January 22, 2013**              /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE